**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Randolph A. Jackson, Jr., | No. CV-22-08216-PCT-JJT (ESW) |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, *et al.*, | |
| Respondents. | |

At issue is the Report and Recommendation (Doc. 33, "R&R") submitted by United States Magistrate Judge Eileen S. Willett, addressing Randolph Jackson's Amended Petition Under 28 U.S.C. § 2254 for a for Writ of Habeas Corpus (Doc. 14). Petitioner has challenged his convictions in Arizona state court for transportation of narcotic drugs for sale, possession or use of drug paraphernalia and resisting arrest. In the R&R, Judge Willett analyzed Petitioner Jackson's seven stated grounds for relief and concluded that Ground 7 does not present a cognizable federal claim and must be dismissed; Grounds 4 and 5 are procedurally defaulted without excuse or cause and so must be dismissed as well; and Grounds 1, 2, 3 and 6 fail on their merits and should be denied on that basis. Petitioner has filed Objections to the R&R (Doc. 43) and Respondents have filed a Reply thereto (Doc. 44).

Also at issue are two Motions to Stay proceedings (Docs. 25, 42) that Petitioner has filed, as well as another R&R (Doc. 29) entered by Judge Willett addressing the first of those Motions, to which Petitioner filed no objection. Finally, the Court will address two

Motions to Strike (Docs. 39, 48) filed by Respondents and seeking to strike two filings by Petitioner, both entitled "Judicial Notice Under Federal Rules of Evidence Article Rule 201 (Docs. 35, 47).

In the R&R, Judge Willett correctly concluded that Grounds 4 and 5 are procedurally defaulted. Petitioner never exhausted those claims—for ineffective assistance of trial, advisory and appellate counsel—by fairly presenting them to the Arizona state courts. In his Objections, Petitioner states that he did present at least Ground 5, but points to no actual information in the record to challenge Respondent's supported assertions to the contrary; rather, he simply repeats his own conclusory assertions. As Respondents point out in their Reply, this is insufficient for the Court to sustain an objection, both as to Grounds 4 and 5, and as set forth below, the other grounds as well. Petitioner's lengthy Objections are long on repetition of conclusory assertions but lack either support or specifics. And Petitioner fails to satisfy the standard for excusal of procedural default as set forth in *Smith v. Baldwin*, 510 F.3d 1127, 1146 (9th Cir. 2007).

Judge Willett also correctly noted Ground 7—a claim of unlawful sentence under Arizona criminal law—is not a cognizable claim for habeas relief. Ground 7 merely challenges the application of Arizona state sentencing law. It does not implicate or articulate any violation of federal law, constitutional or otherwise.

And Judge Willett's conclusion that Grounds 1, 2, 3 and 6 fail on their merits is correct. None of the decisions underlying those grounds were contrary to or involved an unreasonable application of clearly established federal law; nor were those four decisions based on an unreasonable determination of facts in light of the evidence presented in the state *fora*. As to Grounds 1 through 3, Judge Willett noted the Arizona Court of Appeals ruling, which she quoted in pages 6 and 7 of the R&R, supported her conclusion that under the circumstances presented in this case, the trial court's decisions to 1) deny rescission of Petitioner's waiver of counsel mid-trial; 2) deny a continuance mid-trial to allow him to seek new counsel; and 3) not appoint new counsel at that point, were not unreasonable applications of federal law. The Court of Appeals opinion cited to the record to make clear

that the trial court had been very patient with Petitioner as he obtained several continuances of trial, sought and obtained multiple changes of counsel, fully advising Petitioner on the risks and consequences of representing himself, and warned Petitioner the court would not brook further delay or gamesmanship. This Court shares the conclusion of the Arizona Court of Appeals that on the record before it, the trial court did not abuse its discretion in denying Petitioner's requests for continuance or for appointment of new counsel mid-trial, after the state had rested, and after the warnings Petitioner had received.

Similarly, Judge Willett correctly concluded that Ground 6—the asserted *Brady* violation arising from Deputy Evers's conflicting statements about why no dash-cam recordings of critical moments of his encounter with Petitioner were made—also fails on its merits. As the Court of Appeals found, nothing in the record indicates undisclosed exculpatory evidence was withheld from the jury, and evidence of Deputy Evers's inconsistent statements about why there was no recording, as well the results of the investigation into his conduct and his resignation as the negative findings were coming out, all were disclosed and the jury was aware of his potential reliability issues. The Arizona court's decisions on this issue are neither contrary to nor an unreasonable application of federal law in the form of the *Brady* rule.

Judge Willett also correctly concluded that Petitioner is not entitled to an evidentiary hearing. 28 U.S.C. § 2254(e)(2) provides that where a petitioner has failed to develop a factual basis of a claim in state court proceedings, this Court cannot hold an evidentiary hearing unless such claim rests upon a new and retroactive change to federal constitutional law, or "a factual predicate that could not have been previously discovered through the exercise of due diligence." Petitioner does not argue any change in constitutional law underlies his potential claim. Rather he asserts new evidence, as noted in his filings of judicial notice. But none of it meets the definition of new evidence, as discussed briefly below, and Judge Willett's conclusion that the record is adequately developed already is in any event correct.

The Court also will deny as moot Petitioner's first Motion to Stay (Doc. 25). Petitioner sought the stay to allow the Arizona Court of Appeals to review the trial court's denial of his fifth petition for state PCR review. On December 12, 2023, that court granted review but denied relief. The stay request is therefore moot.

While all of the above were pending, Petitioner filed another Motion for Stay (Doc. 42), to which Respondents filed a Response in opposition (Doc. 45). The Court will deny this motion as well. Petitioner asserts in his motion that he has discovered "new evidence" discussed above, which justifies staying this matter or continuing it for a year. In their Response, Respondents list several reasons why the motion is unsupported in habeas law, to include that the evidence is not new and was available well before trial in the state matter and that *Rhines v. Weber*, 544 U.S. 269 (2005), does not authorize a stay, The Court agrees. Moreover, were the Court to reach the merits, the purported ground upon which Petitioner seeks the stay is futile. The "evidence" upon which Petitioner would ground his claim is the absence of an affidavit that the car he was apprehended in by law enforcement was stolen. A.R.S. § 13-1814(C) precludes a prosecution for theft of means of transportation from going forward without an affidavit that the car was stolen. The state agency that prosecuted Petitioner—the Yavapai County Attorney—responded to Petitioner's records request that it had no such affidavit. This does not matter. Petitioner was not prosecuted for theft of means. And the affidavit is not required for an officer to make *an arrest* in any event.

Finally, the Court will grant the Motions to Strike, and will strike Petitioner's Judicial Notices (Docs. 35, 47). The subject of both notices is improper and they are mooted by the Court's other rulings.

**IT IS ORDERED** overruling Petitioner's Objections (Doc. 43) and adopting in whole the Report and Recommendation by Magistrate Judge Willett (Doc. 33).

**IT IS FURTHER ORDERED** dismissing with prejudice Grounds 4, 5 and 7 of the Amended Petition Under 28 U.S.C. § 2254 for a for Writ of Habeas Corpus (Doc. 14), and denying Grounds 1, 2, 3 and 6.

**IT IS FURTHER ORDERED** denying a certificate of appealability and leave to proceed *in forma pauperis*. Dismissal of Grounds 4 and 5 are justified a plain procedural bar. Dismissal of Ground 7 is warranted because the claim is not cognizable. Petitioner has made no substantial showing of the denial of a constitutional right in grounds 1, 2, 3 or 6.

**IT IS FURTHER ORDERED** denying as moot Petitioner's first Motion for Stay (Doc. 25).

**IT IS FURTHER ORDERED** accepting Judge Willett's unopposed first Report and Recommendation (Doc. 29).

**IT IS FURTHER ORDERED** denying Petitioner's second Motion for Stay or for 1 Year Continuance (Doc. 42).

**IT IS FURTHER ORDERED** granting Respondents' Motions to Strike (Docs. 39, 48) and striking the Judicial Notices at Docs. 35 and 47.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this matter.

Dated this 30th day of September, 2024.

_____
Honorable John J. Tuchi
United States District Judge